*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

TOM ROTTA,

        Plaintiff-Appellant,

v

MASON COUNTY PROSECUTOR,

        Defendant-Appellee.

UNPUBLISHED
July 27, 2026
10:16 AM

No. 378249
Mason Circuit Court
LC No. 2025-000081-CZ

Before: ACKERMAN, P.J., and REDFORD and FEENEY, JJ.

PER CURIAM.

In this pro se civil action, plaintiff-appellant, Tom Rotta, appeals as of right the trial court order granting summary disposition to defendant-appellee, Mason County Prosecutor. We affirm in part, reverse in part, and remand for further proceedings consistent with this opinion.

## I. FACTS

In 2024, Muzette Elizabeth O'Connell entered a polling place in Hamlin Township wearing a Donald Trump hat. When Hamlin Township Clerk Catherine Lewis informed O'Connell that she could not have a political hat near the polling place, a verbal dispute ensued. The dispute eventually escalated when O'Connell pushed Lewis into the township treasurer and another election worker. Mason County Sheriff's Department Deputies Noah Noble and Mike Fort responded to the polling location and arrested O'Connell. O'Connell was charged with multiple offenses including two counts of resisting or obstructing an officer; however, at O'Connell's March 2025 preliminary hearing, the prosecutor declined to request that her resisting or obstructing offenses be bound over, and those charges were dismissed.[1]

Following O'Connell's preliminary hearing, plaintiff, who is a journalist, submitted a request for Deputy Noble's and Deputy Fort's body-camera footage under Michigan's Freedom of

---

[1] O'Connell's other charges—including assault and battery and violating an election law—remained pending.

-1-

Information Act (FOIA), MCL 15.231 *et seq*. Plaintiff believed that the body-camera footage was used to decide whether to charge O'Connell with resisting or obstructing an officer. Defendant denied plaintiff's FOIA request but indicated that it would provide a redacted version of the body-camera videos after O'Connell's criminal case had been resolved. Plaintiff sued, asserting that defendant violated FOIA by withholding the body-camera videos. Defendant moved for summary disposition, arguing that the videos were exempt from FOIA because release of the videos would interfere with O'Connell's pending trial. After *in camera* review of the three body-camera videos identified by defendant, the trial court granted defendant's motion for summary disposition, concluding that the law-enforcement-proceedings exemption to FOIA disclosure under MCL 15.243(1)(b)(*i*) applied. Plaintiff now appeals.

## II. SUMMARY DISPOSITION

On appeal, plaintiff argues that the trial court erred by finding that the body-camera videos were subject to the law-enforcement-proceedings exemption. Defendant disagrees and asserts that the videos were exempt under multiple statutes. We conclude that the videos were not exempt under the law-enforcement-proceedings exemption; however, portions of the videos were exempt under privacy exemptions.

### A. PRESERVATION AND STANDARD OF REVIEW

Although the trial court's opinion only discussed defendant's arguments pertaining to MCL 15.243(1)(b)(*i*) and MCL 780.315(1), defendant also raised arguments concerning MCL 15.243(1)(a), MCL 15.243(1)(b)(*i*) through (*iii*), and MCL 15.243(1)(d).[2] Accordingly, each of those arguments are preserved for appellate review. See *Tolas Oil & Gas Exploration Co v Bach Servs & Mfg, LLC*, 347 Mich App 280, 289; 14 NW3d 472 (2023).

A trial court's decision regarding a motion for summary disposition is reviewed de novo, and its factual findings underlying its decision are reviewed for clear error. *DeRuiter v Byron Twp*, 505 Mich 130, 139; 949 NW2d 91 (2020). Likewise, a trial court's conclusion when applying FOIA is reviewed de novo, and its factual findings in support of its conclusion are reviewed for clear error. *Herald Co, Inc v Eastern Mich Univ Bd of Regents*, 475 Mich 463, 471-472; 719 NW2d 19 (2006). Clear error exists if we are "left with the definite and firm conviction that a mistake has been made by the trial court." *Id*. at 472. When the application of FOIA involves discretionary determinations, we review the trial court's decision for an abuse of discretion. *Id*. An abuse of discretion occurs when the trial court's decision falls outside the range of principled outcomes. *Id*. "A trial court necessarily abuses its discretion when it makes an error of law." *Hein v Hein*, 337 Mich App 109, 116; 972 NW2d 337 (2021) (quotation marks and citation omitted).

Summary disposition may be granted if "[e]xcept as to the amount of damages, there is no genuine issue as to any material fact, and the moving party is entitled to judgment or partial judgment as a matter of law." MCR 2.116(C)(10). "In evaluating a motion for summary

---

[2] On appeal, defendant also asserts that the videos were exempt under MCL 15.243(1)(h). However, because the body-camera footage plainly is not "attorney work product," the videos were not exempt under MCL 15.243(1)(h).

disposition brought under [MCR 2.116(C)(10)], a trial court considers affidavits, pleadings, depositions, admissions, and other evidence submitted by the parties . . . in the light most favorable to the party opposing the motion." *Maiden v Rozwood*, 461 Mich 109, 120; 597 NW2d 817 (1999). If "the moving party has supported its position by documentary evidence," then the nonmoving party must demonstrate "that a genuine issue of material fact exists." *Abbott v John E Green Co*, 233 Mich App 194, 197-198; 592 NW2d 96 (1998). "If the opposing party fails to present documentary evidence establishing the existence of a material factual dispute, summary disposition may properly be granted." *Id*. at 198. "Speculation is insufficient to create an issue of fact." *Anderson v Transdev Servs, Inc*, 341 Mich App 501, 507; 991 NW2d 230 (2022) (quotation marks and citation omitted).

## B. EXEMPTIONS

"The FOIA requires full disclosure of public records, unless those records are exempted under the act." *Detroit Free Press, Inc v City of Warren*, 250 Mich App 164, 167; 645 NW2d 71 (2002). Claimed exemptions are to be construed narrowly. *Detroit Free Press, Inc v Southfield*, 269 Mich App 275, 281; 713 NW2d 28 (2005). The public body asserting that records are exempt from disclosure has the burden to prove that the exemption applies. MCL 15.240(4); *City of Warren*, 250 Mich App at 167. "To meet this burden, the public body claiming an exemption should provide complete particularized justification, rather than simply repeat statutory language." *City of Warren*, 250 Mich App at 167.

"If a public record contains material which is not exempt under [MCL 15.243], as well as material which is exempt from disclosure under [MCL 15.243], the public body *shall* separate the exempt and nonexempt material and make the nonexempt material available for examination and copying." MCL 15.244(1) (emphasis added).

Under MCL 15.243 of Michigan's FOIA, a record may be exempt from disclosure as follows:

(1) A public body may exempt from disclosure as a public record under this act any of the following:

(a) Information of a personal nature if public disclosure of the information would constitute a clearly unwarranted invasion of an individual's privacy.

(b) Investigating records compiled for law enforcement purposes, but only to the extent that disclosure as a public record would do any of the following:

(*i*) Interfere with law enforcement proceedings.

(*ii*) Deprive a person of the right to a fair trial or impartial administrative adjudication.

(*iii*) Constitute an unwarranted invasion of personal privacy.

\* \* \*

(d) Records or information specifically described and exempted from disclosure by statute.

In parallel, under MCL 780.315(1) of the Law Enforcement Body-Worn Camera Privacy Act, MCL 780.311 *et seq*., body-camera footage may be exempt from public disclosure, *inter alia*, as follows:

> (1) An audio or video recording from a body-worn camera that is retained by a law enforcement agency in connection with an ongoing criminal investigation or an ongoing internal investigation is not a public record and is exempt from disclosure under the freedom of information act, 1976 PA 442, MCL 15.231 to 15.246, but only to the extent that disclosure as a public record would do any of the following:
>
> (a) Interfere with law enforcement proceedings.
>
> (b) Deprive a person of the right to a fair trial or impartial adjudication.
>
> (c) Constitute an unwarranted invasion of personal privacy.

As an initial issue, defendant argues that it was not required to produce anything in response to plaintiff's FOIA request because body-camera video matching plaintiff's *specific request* did not exist. According to defendant, although the body-camera videos "certainly existed," plaintiff's request specifically asked for body-camera videos that were reviewed for the purpose of charging O'Connell, and the body-camera videos were not reviewed for that purpose. We conclude that plaintiff's FOIA request adequately identified the relevant body-camera videos. See MCL 15.233(1). Plaintiff requested as follows:

> Please provide the body cam footage of Deputies Mike Fort and Noah Noble retained and reviewed by the [Mason County Prosecuting Attorney (MCPA)] for the mid-day arrest of Muzette Elizabeth O'Connell on November 5, 2024, at Hamlin Town Hall and used for the purpose by the MCPA to decide charging two accounts of R&O back in November 2024.

Plaintiff was required only to describe the record "sufficiently to enable the public body to find the public record . . . ." MCL 15.233(1). Because an individual requesting records under FOIA "is necessarily at an informational disadvantage," the requesting individual is not required to "describe individual records with specificity and precision before they have access to the records . . . ." *Woodman v Dep't of Corrections*, 511 Mich 427, 444; 999 NW2d 463 (2023). "FOIA, an inherently prodisclosure statute, permits requestors to ask broadly and receive records in return unless the records are expressly exempt." *Id*. Defendant's contention—that the requested records "do not exist" simply because plaintiff believed that the body-camera videos were used for the purpose of charging O'Connell—is at odds with FOIA's forgiving request standard and prodisclosure purpose. See *id*.

As an additional threshold issue, plaintiff asserts that the trial court improperly broadened his FOIA request to include the entirety of the body-camera footage after plaintiff attempted to

narrow the scope of his request to only those portions of the videos showing the alleged resisting or obstructing. A FOIA denial is reviewed by examining the facts at the time that the request was denied, and the reviewing court need not consider subsequent developments. *State News v Mich State Univ*, 481 Mich 692, 703-704; 753 NW2d 20 (2008). Plaintiff's initial FOIA request can be reasonably interpreted to include all the body-camera footage recorded during the arrest. Therefore, the trial court did not err by considering the entirety of the identified body-camera videos. See *id*.

## 1. ANALYSIS

Defendant asserts that the videos are exempt under MCL 780.315(1)(a) through (c), MCL 15.243(1)(a), MCL 15.243(1)(b)(*i*) through (*iii*), and MCL 15.243(1)(d). We agree in part, determining that portions of the body-camera videos are exempt under the privacy exemptions.

It is important to analyze the body-worn-camera exemption of MCL 780.315(1) before the more general FOIA record exemptions listed in MCL 15.243 because MCL 780.315(1) states that unless the body-camera footage is subject to the statute's disclosure exemptions, then the body-camera video is not a public record and is, therefore, exempt from disclosure under FOIA. See MCL 15.243(1)(d) (stating that records are exempt from disclosure if they are exempt under another "statute," such as MCL 780.315). But because MCL 780.315(1)(a) through (c) parallel the law-enforcement-proceedings exemption, fair-trial exemption, and privacy exemptions outlined in MCL 15.243(1)(b)(*i*) through (*iii*) and MCL 15.243(1)(a), each of those exemptions will be discussed jointly.

## a. LAW-ENFORCEMENT-PROCEEDINGS EXEMPTIONS

Under the law-enforcement-proceedings exemption of MCL 780.315(1)(a), defendant was required to establish that disclosure of the body-camera footage "would . . . [i]nterfere with law enforcement proceedings." Similarly, under the law-enforcement-proceedings exemption of MCL 15.243(1)(b)(*i*), defendant was required to establish that: (1) "an investigation was open and ongoing," and (2) "release of the requested documents 'would' interfere with law enforcement proceedings." *King v Oakland Co Prosecutor*, 303 Mich App 222, 231; 842 NW2d 403 (2013). "[F]inding that the requested information merely 'could' hamper an investigation is insufficient to satisfy the law-enforcement-proceedings exemption under MCL 15.243(1)(b)(*i*)." *Id*. at 232. Accordingly, "[j]ustification of [the] exemption must be more than 'conclusory,' i.e., simple repetition of statutory language. A bill of particulars is in order. Justification must indicate factually how a particular document, or category of documents, interferes with law enforcement proceedings." *Evening News Ass'n v City of Troy*, 417 Mich 481, 503; 339 NW2d 421 (1983).

For example, in *Evening News*, 417 Mich at 505-506, the Michigan Supreme Court held that the trial court failed to make the findings required to justify an exemption to disclosure when it stated that " 'the investigation *could indeed well be jeopardized* by providing to the plaintiff the information that it seeks at this time.' " The Court reasoned that finding a disclosure "could jeopardize" an investigation was not equivalent to the required finding that disclosure would in fact interfere with law enforcement proceedings. *Id*. at 506. Further, a conclusion that release " 'would' " interfere is conclusory absent a reason "*why* such disclosure would interfere with law enforcement proceedings." *Id*. (emphasis added).

In this case, defendant failed to establish that releasing the body-camera videos would interfere with law enforcement proceedings. See *id*. Defendant submitted an affidavit by David Martin, an assistant prosecutor at Mason County Prosecutor's Office, explaining his decision to deny plaintiff's FOIA request,[3] but Marvin's attested explanation was conclusory. See *id*. Marvin claimed only that disclosing the body-camera videos "would interfere with law enforcement proceedings by compromising the integrity of the trial," with no additional explanation of *how* the integrity of the trial would be compromised. To the extent that the rest of Marvin's attestation constitutes his explanation, Marvin's "simple repetition of statutory language" was insufficient to justify an exemption. See *id*. at 503. Therefore, defendant failed to adequately justify how disclosure of the videos would interfere with ongoing law enforcement proceedings. See *id*.

To the extent that the trial court attempted in its opinion to provide this particularized justification on defendant's behalf, the trial court was required to find that disclosure *would* interfere with a law enforcement proceeding on the basis of an articulated reason before concluding that the law enforcement exemptions applied. See *id*. at 505-506. Instead, the trial court's findings that release of the videos "can," "could," or "might" interfere with law enforcement proceedings were insufficient to support the law-enforcement-proceedings exemption under MCL 15.243(1)(b)(*i*). See *King*, 303 Mich App at 232.

Therefore, defendant failed to satisfy the requirements of the law-enforcement-proceedings exemptions under MCL 780.315(1)(a) and MCL 15.243(1)(b)(*i*), and the trial court erred by concluding that it did so. See MCL 780.315(1)(a); MCL 15.243(1)(b)(*i*); *Evening News*, 417 Mich at 503, 505-506; *King*, 303 Mich App at 232.

### b. FAIR-TRIAL EXEMPTIONS

Defendant alternatively asserts that the videos were exempt from disclosure under the fair-trial exemptions of MCL 780.315(1)(b) and MCL 15.243(1)(b)(*ii*). As with defendant's assertion that it satisfied the law-enforcement-proceedings exemption, defendant similarly proffered an affidavit claiming only that "[r]eleasing evidence to the public prior to trial, that would be presented as evidence at trial[,] would deny a person of the right to a fair trial and impartial administration of justice." Again, "simple repetition of statutory language" is not enough to satisfy defendant's burden to establish an exemption. See *Evening News*, 417 Mich at 503. Therefore, defendant has failed to establish that the videos were exempt under the fair-trial exemptions. See MCL 780.315(1)(b) and MCL 15.243(1)(b)(*ii*).

### c. PRIVACY EXEMPTIONS

Defendant next asserts that the videos are exempt under the privacy exemptions of MCL 780.315(1)(c), MCL 15.243(1)(a) and MCL 15.243(1)(b)(*iii*). We agree in part, determining that portions of the body-camera videos are exempt under the privacy exemptions.

---

[3] Marvin's initial denial was brief and merely claimed that O'Connell's "case is active and video evidence will be needed at trial should the case not settle by plea agreement or other resolution . . . . Until the case is resolved, the FOIA request cannot be met."

MCL 780.315(1)(c) and MCL 15.243(1)(b)(*iii*) require "an *unwarranted* invasion of personal privacy;" whereas, MCL 15.243(1)(a) requires "a *clearly unwarranted* invasion of an individual's privacy." (Emphasis added.) Under MCL 15.243(1)(a), a record contains information "of a personal nature" such that it is exempt from disclosure if it includes "private or confidential information relating to a person" or "embarrassing or intimate details . . . ." *Mich Federation of Teachers v Univ of Mich*, 481 Mich 657, 665, 676; 753 NW2d 28 (2008). Similarly, when determining whether law enforcement records would be exempt as "an unwarranted invasion of personal privacy" under MCL 15.243(1)(b)(*iii*), this Court has required "that the information be 'of a personal nature.' " *Herald Co, Inc v Kalamazoo*, 229 Mich App 376, 388; 581 NW2d 295 (1998).

First, all portions of the videos containing personal contact information are clearly exempt under MCL 15.243(1)(a). See *Mich Federation of Teachers*, 481 Mich at 676. Additionally, because the standard for exemption is less strict under MCL 780.315(1)(c) and MCL 15.243(1)(b)(*iii*) than MCL 15.243(1)(a), the statements also warranted an exemption under MCL 780.315(1)(c) and MCL 15.243(1)(b)(*iii*). See MCL 15.243(1)(a), MCL 780.315(1)(c), and MCL 15.243(1)(b)(*iii*).

Second, defendant contends that any visible ballot would constitute an unwarranted invasion of privacy. Michigan voters are entitled to a "a secret ballot . . . that prevents anyone else from knowing how the individual voted." *Promote the Vote v Secretary of State*, 333 Mich App 93, 125; 958 NW2d 861 (2020). Accordingly, we conclude that a voter's completed ballot constitutes "private or confidential information" such that the privacy exemption of MCL 15.243(1)(a) applies. See *Mich Federation of Teachers*, 481 Mich at 676. But the body-camera footage in question only appears to show unidentifiable papers on the front table in the polling room. Viewed in the light most favorable to plaintiff, see *Maiden*, 461 Mich at 120, it seems unlikely that these papers are completed ballots laying face up in the entrance to the polling place. Consequently, defendant failed to establish that it was entitled to a privacy exemption on this basis. See MCL 15.243(1)(a); MCL 780.315(1)(c); MCL 15.243(1)(b)(*iii*); *Mich Federation of Teachers*, 481 Mich at 676; *Promote the Vote*, 333 Mich App at 125.

But to the extent that plaintiff's requested relief in his response to defendant's motion for summary disposition may be considered a cross-motion for summary disposition, a genuine issue of material fact remains regarding whether any completed ballots are present in the body-camera videos, in particular, during the one-minute arrest sequence. See MCR 2.116(C)(10); *Abbott*, 233 Mich App at 197-198. Although defendant has failed to establish that it was entitled to summary disposition because of visible ballots, plaintiff is also unable to establish that the one-minute arrest sequence is disclosable without the trial court's factual finding regarding whether completed ballots are visible in the body-camera videos. See MCR 2.116(C)(10); MCL 15.243(1)(a); MCL 780.315(1)(c); MCL 15.243(1)(b)(*iii*); *Mich Federation of Teachers*, 481 Mich at 676; *Promote the Vote*, 333 Mich App at 125.

Third, defendant asserts that the identification of the witnesses would subject them to pretrial scrutiny and harassment. In the body-camera footage, the interviewed witnesses describe their experience with O'Connell in detail and even discuss their personal lives in friendly conversation with the officers. These detailed responses amount to "embarrassing or intimate details" about the witnesses' actions that day as well as their personal lives. See *Mich Federation*

*of Teachers*, 481 Mich at 676. Therefore, the witnesses' statements constitute an unwarranted invasion of privacy under MCL 15.243(1)(a). See *id*. Because the standard for exemption is less strict under MCL 780.315(1)(c) and MCL 15.243(1)(b)(*iii*) than MCL 15.243(1)(a), the statements also warranted an exemption under MCL 780.315(1)(c) and MCL 15.243(1)(b)(*iii*). See MCL 15.243(1)(a), MCL 780.315(1)(c), and MCL 15.243(1)(b)(*iii*).

Fourth, defendant asserts that disclosure of the videos containing voters constitutes an invasion of privacy. An important distinction exists between private information regarding "how" a person voted, *Promote the Vote*, 333 Mich App at 125, and *whether* a person voted. MCL 168.516 provides that a voter registration record "must be open for public inspection" except as outlined in MCL 168.509gg. In turn, MCL 168.509gg(1) and (2) outline information in a registration record that is exempt from disclosure under FOIA, such as an individual's date of birth, phone number, or social security number. MCL 168.509gg(3) further exempts all information in a registration record if the person is under 17 years and 6 months old. Notably, these exemptions do not include the general identification of the voter. See MCL 168.509gg. More generally, "an individual's name is not 'information of a personal nature' within the meaning of MCL 15.243(1)(a)," *Bitterman v Village of Oakley*, 309 Mich App 53, 62; 868 NW2d 642 (2015) (quotation marks and citation omitted), or MCL 15.243(1)(b)(*iii*), see *Herald Co*, 229 Mich App at 388. Therefore, the presence of voters in the background of the body-camera footage does not warrant a privacy exemption under MCL 780.315(1)(c), MCL 15.243(1)(a), or MCL 15.243(1)(b)(*iii*). See MCL 168.509gg; *Bitterman*, 309 Mich App at 62; *Herald Co*, 229 Mich App at 388.

## C. SUBSEQUENT FACTUAL DEVELOPMENTS AND FUTURE FOIA REQUESTS

Plaintiff further asserts that the body-camera videos should now be released because O'Connell's case is closed but that the trial court's ruling precludes future FOIA requests for the videos. Plaintiff's argument lacks merit because: (1) the trial court was not required to consider subsequent developments, and (2) the trial court's opinion does not preclude future FOIA requests.

"[U]nless the FOIA exemption provides otherwise, the appropriate time to measure whether a public record is exempt under a particular FOIA exemption is the time when the public body asserts the exemption." *State News*, 481 Mich at 703.

"The denial of a FOIA request occurs at a definite point in time." *Id*. "The determinative legal question for a judicial body reviewing the denial is whether the public body erred because the FOIA exemption applied *when it denied the request*." *Id*. at 703-704. Therefore, the reviewing court need not consider later or changed circumstances, as "[s]ubsequent developments are irrelevant to that FOIA inquiry." *Id*. at 704. The Michigan Supreme Court has addressed what actions can be taken after a FOIA request is denied:

> There is no language . . . in FOIA that requires a public body to continue to monitor FOIA requests once they have been denied. FOIA does not prevent a party that unsuccessfully requested a public record from submitting another FOIA request for that public record if it believes that, because of changed circumstances, the record can no longer be withheld from disclosure. [*Id*. at 704-705.]

In this case, the "determinative legal question" was whether defendant properly denied plaintiff's FOIA request under an exemption at the time of its denial on March 27, 2025. See *id*. at 703-704. Therefore, the trial court was not required to consider the effect of O'Connell's later acquittal. See *id*. at 704. Relatedly, plaintiff's concern that the trial court's ruling precludes the body-camera videos from ever being disclosed pursuant to FOIA is misguided. See *id*. at 703-705. Because FOIA requests are reviewed under the facts as they exist at the time of the request, *id*. at 703, the trial court's opinion does not automatically preclude a later ruling in plaintiff's favor, see *id*. at 704-705. Accordingly, plaintiff is free to submit a later FOIA request if he believes that the circumstances have changed. See *id*.

## D. COSTS, FINES, AND DAMAGES

Finally, plaintiff asks us to instruct the trial court to award his costs. Defendant argues that the trial court properly denied all attorney fees, fines, damages, and costs. We agree in part with each party.

An individual who requested access to records under FOIA may be entitled to attorney fees, costs, and disbursements under MCL 15.240(6) if he or she "prevail[ed]" in the action. "[T]o 'prevail' under MCL 15.240(6), a court must conclude that the action was reasonably necessary to compel the disclosure of public records, and that the action had a substantial causation effect on the delivery of the information to the plaintiff." *Woodman*, 511 Mich at 443 (quotation marks and citation omitted). Therefore, to determine whether a plaintiff has prevailed, the reviewing court should consider "three fundamental questions: (1) Was the action reasonably necessary to compel the disclosure of the records? (2) Did the action *actually* have the causative effect of delivering the information? And (3) did the plaintiff obtain everything it initially sought?" *Id*. "[W]hether to award [a] plaintiff reasonable attorney fees, costs, and disbursements when a party only partially prevails under the FOIA is entrusted to the sound discretion of the trial court." *Local Area Watch v Grand Rapids*, 262 Mich App 136, 151; 683 NW2d 745 (2004).

In this case, plaintiff's suit was "reasonably necessary to compel the disclosure of the records" because defendant otherwise denied plaintiff's FOIA request. See *Woodman*, 511 Mich at 443. But because portions of the body-camera videos showed witness interviews, personal contact information, or potentially completed ballots warranted exemption, see MCL 780.315(1)(c), MCL 15.243(1)(a), and MCL 15.243(1)(b)(*iii*), plaintiff will not obtain "everything" that he initially requested. See *Woodman*, 511 Mich at 443. Accordingly, plaintiff only partially prevailed in this action, and any award of costs and disbursements are within the trial court's discretion. See *Local Area Watch*, 262 Mich App at 151. Because the decision whether to grant costs and disbursements "is entrusted to the sound discretion of the trial court," we remand to the trial court with instructions to consider the award of costs in light of plaintiff's partial success. See *id*.

Next, a public body that violates FOIA may be subject to punitive damages if it "arbitrarily and capriciously violated [FOIA] by refusal or delay in disclosing or providing copies of a public record . . . ." MCL 15.240(7). In this case, assistant prosecutor Marvin denied plaintiff's FOIA request under the mistaken belief that the body-camera videos were exempt from disclosure until the related criminal case was resolved. Marvin indicated, "In anticipation of an impending resolution to the [criminal] matter, we are preparing the video evidence to convey to you pursuant

to a future, renewed request." This response indicates that defendant attempted to appropriately respond to plaintiff's request, despite its mistake. Therefore, its response was neither arbitrary nor capricious. See MCL 15.240(7).

Finally, a public body that violates FOIA may be subject to a civil fine if it "willfully and intentionally failed to comply with [FOIA] or otherwise acted in bad faith . . . ." MCL 15.240b. Although defendant mistakenly believed that the records were completely exempt from disclosure at the time that they were requested, there is no evidence that defendant acted in bad faith. Therefore, it cannot be said that defendant willfully or intentionally violated FOIA or acted in bad faith. See MCL 15.240b.

## III. CONCLUSION

We affirm the trial court's denial of punitive damages and civil fines, but we reverse the trial court's grant of summary disposition to defendant. We conclude that the trial court erred by determining that the videos were exempt from disclosure under the law-enforcement-proceedings exemptions, see MCL 780.315(1)(a) and MCL 15.243(1)(b)(*i*); however, we hold that the portions of the videos containing personal contact information and witness interviews are exempt from disclosure under privacy exemptions, see MCL 780.315(1)(c), MCL 15.243(1)(a), and MCL 15.243(1)(b)(*iii*). We remand to the trial court to determine whether: (1) the videos included images of completed ballots subject to a privacy exemption, and (2) plaintiff should be awarded costs and disbursements in light of his partial success. Upon resolution of the remaining factual issues, the trial court is to order defendant to produce the nonexempt portions of the videos. We do not retain jurisdiction.

/s/ Matthew S. Ackerman
/s/ Kathleen A. Feeney

-10-